**ORIGINAL**

# United States Court of Federal Claims

No. 18-955 C

Filed: November 2, 2018

|  |  |
|---|---|
| GEORGE ULYSSESS SEARLES, Jr., <br> d/b/a OMEGAMAN FIREPROTECTION <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

*George Ulyssess Searles, Jr.*, Washington, D.C *pro se* plaintiff.

*Rebecca Sarah Kruser*, United States Department of Justice, Commercial Litigation Branch, Washington, D.C., for defendant.

## OPINION AND ORDER

***SMITH*, Senior Judge**

This post-award bid protest comes before the Court on defendant's Motion to Dismiss. *See generally* Defendant's Motion to Dismiss (hereinafter "D's MTD"). Plaintiff, George Searles ("Searles"), proceeding *pro se* and doing business as Omegaman Fireprotection, challenges the decision of the Department of Veterans Affairs ("VA") awarding Solicitation No. VA256-17-R-0888 ("Solicitation") to Big Red Fire Protection. The Solicitation sought the removal and replacement of fire sprinkler heads for Veterans Health Care of the Ozarks, located in Fayetteville, Arkansas. In his Complaint, Searles claims that he was "[d]iscriminated against and treated with [b]ias" during the solicitation process. *See* Complaint (hereinafter "Compl.") at 1. Plaintiff seeks damages in the amount of $269,000.00. *See id.* at 5. On August 8, 2018, defendant filed its Motion to Dismiss alleging that, pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"), this Court lacks jurisdiction to entertain plaintiff's claims. *See* D's MTD at 4. Alternatively, defendant argues that Searles' Complaint should be dismissed pursuant to RCFC 12(b)(6) for failure to state a claim upon which relief can be granted. *See* D's MTD at 13. For the following reasons, defendant's Motion to Dismiss is granted.

## I.    Background

The VA issued Solicitation No. VA256-17-R-0888 on July 21, 2017. *See* Defendant's Appendix to Motion to Dismiss (hereinafter "D's App.") at Appx001. The Solicitation was for a project which "involved the replacement of fire sprinkler heads in two buildings located in Fayetteville, Arkansas." *Id.* Importantly, "[t]he procurement was a 100% set aside for Service-Disabled Veteran-Owned Small Business (SDVOSB)." *Id.* "In order to compete, the Solicitation required bidders to be verified in the VetBiz vendor information pages." D's MTD at 3. Additionally, the Solicitation was a negotiated procurement falling under the provisions of the Federal Acquisition Regulation ("FAR") Part 15. *See id.*; 48 C.F.R. § 15.000 ("This part prescribes policies and procedures governing competitive and noncompetitive negotiated acquisitions. A contract awarded using other than sealed bidding procedures is a negotiated contract (see 14.101)."). The VA made an award based on best value analysis, taking into consideration technical acceptability, past performance, and price. *See id.* The VA received six proposals, including Searles' proposal. *See* D's App. at Appx107. Ultimately, the VA's Contracting Officer awarded the contract to Big Red Fire Protection for a price of $267,000. *See id.* at Appx107. The VA informed Searles, via letter, of the award on September 19, 2017, including within the letter the name of the awardee and the price of the contract. *See id.* at Appx099. On September 28, 2017, the VA and Big Red Fire Protection entered into the contract. *See id.* at Appx101. After extending the period of performance for the contract twice and adding an additional $54,639.78 worth of work, the project was completed and closed out on April 25, 2018. *See id.* at Appx105, Appx106.

On June 29, 2018, plaintiff filed his Complaint with this Court, seeking $269,000 in damages. *See generally* Compl. In response, defendant filed its Motion to Dismiss on August 8, 2018. *See* D's MTD. Plaintiff's Response to Defendant's Motion to Dismiss was filed on August 16, 2018. *See* Plaintiff's Response to Defendant's Motion to Dismiss (hereinafter "P's Resp."). Defendant submitted its Reply in Support of its Motion to Dismiss on September 21, 2018. *See* Defendant's Reply in Support of its Motion to Dismiss (hereinafter "D's Reply"). Defendant's Motion is fully briefed and ripe for review.

## II.    Discussion

### A.  Standard of Review

This Court's jurisdictional grant is found primarily in the Tucker Act, which provides the Court of Federal Claims the power "to render any judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). Although the Tucker Act explicitly waives the sovereign immunity of the United States against such claims, it "does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). Rather, in order to fall

within the scope of the Tucker Act, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part).

Subject-matter jurisdiction is a threshold matter that must be addressed before the Court evaluates the merits of plaintiff's claims. *See Deponte Invs., Inc. v. United States*, 54 Fed. Cl. 112, 114 (2002) (referencing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998)). When considering a motion to dismiss for lack of subject-matter jurisdiction, the Court must accept as true all undisputed facts asserted in plaintiff's Complaint and draw all reasonable inferences in plaintiff's favor. *See Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). Furthermore, pleadings from *pro se* plaintiffs are held to more lenient standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Erickson v. Pardus,* 551 U.S. 89, 94 (2007).

This leniency, however, does not extend to saving a complaint that lies outside of this Court's jurisdiction. "Despite this permissive standard, a *pro se* plaintiff must still satisfy the court's jurisdictional requirements." *Trevino v. United States*, 113 Fed. Cl. 204, 208 (2013), *aff'd*, 557 F. App'x 995 (Fed. Cir. 2014) (citations omitted). *Pro se* or not, the plaintiff still has the burden of establishing by a preponderance of the evidence that this Court has jurisdiction over its claims. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, "[i]f the [C]ourt determines at any time that it lacks subject-matter jurisdiction, the [C]ourt must dismiss the action." RCFC 12(h)(3).

## B. Subject-Matter Jurisdiction

Defendant claims that "although Mr. Searles' complaint was docketed as a bid protest and he expresses dissatisfaction with the outcome of the award of a government contract . . . . [p]roperly read, Mr. Searles' complaint does not present a bid protest." D's MTD at 7 (referencing Compl. at 3). Defendant cites plaintiff's Complaint, which relies on a multitude of statutes, regulations, and provisions of the Constitution to form a basis for his claims. *See* D's MTD at 7. Specifically, plaintiff relies on statutes granting hiring preferences to veterans, various civil rights acts, the Due Process Clause, and an executive order. *See generally* Compl. Plaintiff responds by arguing that this Court has subject-matter jurisdiction over his claims pursuant to this Court's bid protest jurisdiction. *See* P's Resp. at 3. For the following reasons, the Court finds there is a lack of subject-matter jurisdiction for all claims found in plaintiff's Complaint.[1]

---

[1]     Plaintiff has failed to invoke this Court's bid protest jurisdiction under 28 U.S.C. § 1491(b)(1). This Court agrees with defendant's argument that if plaintiff's claims invoked bid protest jurisdiction, plaintiff's action would be dismissed for failure to state a claim for which relief can be granted pursuant to RCFC 12(b)(6). The alleged contract in dispute was completed on April 25, 2018. Therefore, there is no contract for the Court to set aside, and plaintiff fails to seek bid preparation and proposal costs.

### 1. Jobs for Veterans Act and Veteran Employment Opportunities Act of 1998

In his Complaint, plaintiff cites the Jobs for Veterans Act and the Veteran Employment Opportunities Act of 1998 as statutes applying to this action. *See* Compl. at 4. As defendant points out, plaintiff fails to specify which portions of these statutes apply to his claims. *See* D's MTD at 8. First, the Jobs for Veterans Act is not a source of substantive law that creates the right to money damages. *See generally* 38 U.S.C. § 4212 (2012). Instead, the Jobs for Veterans Act mandates the hiring of veterans by private entities that enter into a contract with the United States. *See id.* Therefore, the Jobs for Veterans Act cannot confer jurisdiction on the Court of Federal Claims. Correspondingly, the Veteran Employment Opportunities Act of 1998 does not provide a jurisdictional basis for this Court to hear plaintiff's claims. Indeed, the Veteran Employment Opportunities Act grants exclusive jurisdiction to the district courts for violations of the Act. *See* 5 U.S.C. § 3304(f)(1) (2012). Neither the Jobs for Veterans Act, nor the Veteran Employment Opportunities Act of 1998 establish jurisdiction over plaintiff's case.

### 2. Civil Rights Acts

Next, plaintiff alleges that the VA violated his civil rights pursuant to the Civil Rights Act of 1866, 42 U.S.C. § 1982 (2012); Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d–2000d-4a; the Civil Rights Act of 1968, Pub. L. No. 90-284, 82 Stat. 72; and the Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071. These statutes confer exclusive jurisdiction on the federal district courts for alleged violations of civil rights. *See Stamps v. United States*, 73 Fed. Cl. 603, 610 (2006) (citing *Elkins v. United States*, 229 Ct. Cl. 607 (1981)). Therefore, plaintiff's claims under these statutes are dismissed for lack of subject-matter jurisdiction.

### 3. Due Process Clause

Plaintiff asserts claims for violations under the "Fifth and Fourteenth Amendments to the United States Constitution" and the "Due Process clause." This Court retains jurisdiction to hear claims under the Takings Clause of the Fifth Amendment. *See Murray v. United States*, 817 F.2d 1580, 1583 (Fed. Cir. 1987). The Court, however, has no jurisdiction to entertain violations of the Due Process Clause. *See James v. Caldera*, 159 F.3d 573, 581 (Fed. Cir. 1998) (finding the Court of Federal Claims to lack jurisdiction over claims under the Due Process Clause and Double Jeopardy Clause of the Fifth Amendment because they are not money-mandating provisions). In order to establish jurisdiction under the Takings Clause, a plaintiff "must demonstrate that the government took his property and either failed to compensate him justly or failed to put the property to public use." *Murray*, 817 F.2d at 1583. Plaintiff's Fifth Amendment argument fails to invoke the Takings Clause of the Fifth Amendment. *See generally* Compl. Accordingly, plaintiff's claims under the Due Process Clause are dismissed for lack of subject-matter jurisdiction.

### 4. Executive Order

Plaintiff relies, additionally, on a "2004 Executive Order issued by President Bush that mandated increased contracting and subcontracting for veteran-owned and service-disabled veteran owned small businesses." Compl. at 4. Based on the context of plaintiff's Complaint, the Court assumes that plaintiff is citing Executive Order 13,360. *See generally* Compl. While Executive Order 13,360 mandates federal agencies to more effectively implement the "goal of not less than 3 percent for participation by service-disabled veteran businesses in Federal contracting," the Executive Order does not create a private right enforceable at law against the United States. Exec. Order No. 13,360 § 1, 69 Fed. Reg. 62,549, 62,549 (Oct. 26, 2004). Therefore, any of plaintiff's claims relying on Executive Order 13,360 are outside of the scope of this Court's subject-matter jurisdiction.

### 5.  Freedom of Information Act

Plaintiff raises concerns regarding the VA's reply to plaintiff's request for information. *See* Compl. at 3. Plaintiff relies on the Freedom of Information Act ("FOIA") as well as the Arkansas Freedom of Information Act. *See id.* Additionally, plaintiff cites the Federal Acquisition Regulation ("FAR") Part 14 as controlling law over his bid protest, and relies on sections found within Part 14 that require specific information be given to unsuccessful bidders. *See* Compl. at 3 (citing 48 C.F.R. § 14.409 (2018)). In its Motion to Dismiss, defendant argues that this Court does not have jurisdiction over FOIA claims, and the procurement at issue was not directed under FAR Part 14. *See* D's MTD at 11–12 (citing *United States v. Testan*, 424 U.S. 392, 398 (1976)). The Court finds that argument persuasive.

First, the Court of Federal Claims does not retain jurisdiction over violations of the FOIA. *See* 5 U.S.C. § 552(a)(4)(B)); *Bernard v. United States*, 59 Fed. Cl. 497, 503 (2004). This Court also does not have jurisdiction over claims based in state law, such as the Arkansas Freedom of Information Act. *See* 28 U.S.C. § 1491(a)(1); *United States v. Mitchell*, 463 U.S. 206, 215–18 (1983) (establishing limits on the Court of Federal Claims' jurisdiction). Furthermore, the Court agrees with the government's argument that the procurement was not directed under FAR Part 14 because the Solicitation did not utilize sealed bidding procedures required under Part 14 of the FAR. *Compare* 48 C.F.R. § 14.101 (defining the elements of sealed bidding) *with* 48 C.F.R. § 15.000 (providing that FAR Part 15 covers negotiated acquisitions, which are contracts using other than sealed bidding procedures). Even if FAR Part 14 applied, that provision is not a money-mandating source of authority. *See generally* 48 C.F.R. §§ 14.000–14.503. As this Court does not have subject-matter jurisdiction over plaintiff's FOIA actions, plaintiff's claims relying on this body of law are dismissed.

### 6.  Tort Claims

Finally, plaintiff uses language sounding in tort to describe the nature of harm inflicted on plaintiff by the VA. *See* Compl. at 5 ("The loss of the contract, not rightfully awarded to me and my Company, Omegaman Fireprotection has caused undue Financial and Emotional Distress."). It is clear that this Court lacks jurisdiction to hear claims sounding in

tort. *See* 28 U.S.C. § 1491(a)(1) (establishing jurisdiction of the Court of Federal Claims and excluding cases sounding in tort).  Therefore, to the extent plaintiff brings actions under a theory of tort, those claims are dismissed for lack of subject-matter jurisdiction.

### III.    Conclusion

For the reasons set forth above, defendant's MOTION to Dismiss is **GRANTED**. The Court directs the Clerk of Court to enter judgment in favor of defendant, consistent with this Order.

**IT IS SO ORDERED.**

Loren A. Smith,
Senior Judge